**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Naim Ibn HASAN, Defendant—
Appellant.**

No. 05–50926.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 19, 2007 *.

Filed Nov. 8, 2007.

Becky S. Walker, Esq., Jennifer Corbett, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jerald L. Brainin, Esq., Los Angeles, CA, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KOZINSKI, TASHIMA, and McKEOWN, Circuit Judges.

MEMORANDUM **

Naim Ibn Hasan appeals the district court's denial of his suppression motion arguing that the warrant for the search of his apartment was not supported by probable cause. After the denial, Hasan entered a conditional guilty plea to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), reserving his right to appeal the denial of his suppression motion. Because the affidavit in support of the warrant established probable cause, we affirm the district court.

Hasan contends that the warrant was deficient because it failed to provide a sufficient nexus to believe that drugs or guns would be found in the room to be searched. A warrant is supported by probable cause when, under the totality of the circumstances, there is fair probability that the contraband sought will be found in a particular place. *United States v. Luong,* 470 F.3d 898, 902 (9th Cir.2006). Here, the circumstances surrounding Hasan's drug sale to officers coupled with his contemporaneous disclosure of his apartment number created a fair probability that contraband, including guns and drugs, would be found in his apartment. *See United States v. Chavez–Miranda,* 306 F.3d 973, 978 (9th Cir.2002). Therefore, there was a reasonable nexus between the activities supporting probable cause and the location to be searched. *See United States v. Pitts,* 6 F.3d 1366, 1369 (9th Cir.1993).

Hasan also argues that the warrant was deficient because he was not named by his

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

full name in the warrant; instead, he was identified only as "Cousin." Given that the warrant was supported by probable cause and sufficiently described the place to be searched, the failure to name Hasan by his full name was of no consequence.

Finally, Hasan contends that the warrant was stale at the time of the search. This argument fails because the warrant was executed within days of the drug sale. With cases involving drug trafficking, "probable cause may continue for several weeks, if not months, of the last reported instance of suspect activity." *United States v. Angulo–Lopez,* 791 F.2d 1394, 1399 (9th Cir.1986).[1]

**AFFIRMED.**

---

1. Because the warrant was supported by probable cause, we need not reach the applicability of the good-faith exception to this warrant.

